## Case No. 3,631.

DAVIS v. DAVIDSON et al.

[4 McLean, 136.] [1]

Circuit Court, D. Michigan. June Term, 1846.

EQUITY PLEADING—JOINT ANSWER—SIGNATURE OF COUNSEL.

1. A joint answer is sufficient, all the parties swearing to it.

2. Answers to bills are generally drawn jointly and severally.

3. In a joint answer, each individual is liable to be indicted for perjury, if he swear falsely.

4. An answer must be signed by counsel, in order that the counsel may be held responsible to the court for the contents of the answer.

5. If the answer be taken by commissioners, the signature of counsel is not required.

[This was a bill in equity by Davis against Davidson, Van Pelt, and Crum.]

Mr. Lee, for complainant.

Mr. Emmons, for defendants.

OPINION OF THE COURT. A motion is made to set aside the answer to a bill in chancery, on two grounds:

1. Because it is the answer of three individuals, and is sworn to by three. In the caption it purports to be the joint answer of the three, but not their several, as well as joint answer; this is erroneous, it is contended, for two reasons: 1st. Because all established precedents require them to be several, as well as joint. And 2d. Because, in case one of the defendants should swear falsely in the answer, he could not be indicted separately for such false swearing upon a joint answer, without joining all the joint respondents. The precedents are, generally,

[1] [Reported by Hon. John McLean, Circuit Justice.]

as stated by the counsel. They are drawn jointly and severally. But we are not prepared to say that this form is indispensable. We see no satisfactory reason why a joint answer, responsive to the bill, would not be sufficient. The reason assigned, that one of the defendants could not be indicted for false swearing, without including the others, is not satisfactory. Each individual, who answers jointly, is responsible for the facts sworn to the same as if his answer had been separate. And it is not perceived why he might not be indicted, without uniting the other defendants.

2. The answer is not signed by counsel, which is undoubtedly a defect. Except in certain specified cases, the answer must be signed by counsel. Under peculiar circumstances, the signature of the defendant may be dispensed with; but the signature of the counsel is required, unless the answer is taken by commissioners. The signature is necessary, that the person signing may be responsible to the court for the contents of the answer. Story, Eq. Pl. § 876; Mitf. Eq. Pl. (by Jeremy) 315.

Leave is given to amend the answer.